[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTIONS TO DEFENDANT'S REQUEST TO REVISE APPLICATION FOR PROTECTIVE ORDER
The plaintiff's first objection to the Defendant's Request to Revise, dated December 30, 1993, is sustained. Practice Book 336 provides that a party may assume a fictitious name. In Buxton v. CT Page 9992 Ullman, 147 Conn. 48 (1959), our Supreme Court indicated that a party wishing to remain anonymous need secure the Court's consent. Once the Court is presented the details of a "Jane Doe" request, it applies a balancing test to weigh the private need for anonymity against the public interest in identification. Buxton interprets the rule, but mandates no procedure.
Here, prior to serving her complaint the plaintiff attempted to obtain the Court's consent for "Jane Doe" status, ex parte. It was suggested that an adversarial hearing was preferable to ex parte relief; thus, the plaintiff commenced her action in order to place the issue before the court, allowing both parties an opportunity to be heard.
This Court has listened to the arguments of both parties and has weighed their respective interests as required by Buxton. Because of the intimate and distressing details alleged in the complaint, this court finds it understandable why the plaintiff wishes to remain anonymous.
As to plaintiff's second objection, it is sustained.
Finally, the plaintiff shall file with the Clerk of the Court a Civil Cover Sheet disclosing her true name and address. Such document identifying the plaintiff is to be placed under seal and shall be made available only to parties, counsel and necessary court personnel. Information obtained through such access is not to be divulged to any other person except by order of the court.
Martin, J.